PROVIDED TO
HAMILTON CI ON
FOR MAILING
OCT 2 5 2012

## UNITED STATES CIRCUIT COURT OF APPALLS
## ELEVENTH CIRCUIT OF THE UNITED STATES

RANDALL BURCH,
*Appellant / Petitioner,*

Appeal Case No.: 12-14828-E

v.

KENNETH TUCKER, Secretary
Florida Dept. Of Corrections
*Appellee / Respondent.*

_____/

---

# APPLICATION FOR CERTIFICATE OF APPEALABILITY

---

ON APPLICATION FOR CERTIFICATE OF APPEALABILITY
PURSUANT TO TITLE 28 U.S.C. 2253(c) AFTER THE DENIAL
OF A PETITION FOR WRIT OF HABEAS CORPUS, PURSUANT
TO TITLE 28 U.S.C. 2254 IN THE UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION
IN CASE NUMBER: 8:08-CV-745-T-27TGW.

Submitted By:

*Randall Burch*

Randall Burch, *Pro Se*
*D.C. # 169121, Dorm No: I- 3207 Y*
Hamilton Corr. Inst./Main Unit
10650 SW 46th Street
Jasper, Fl. 32052

Appeal Case No.: 12-14828-E

## TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................i, ii

TABLE OF CASE(S) AND CITATIONS OF AUTHORITY ......................iii, iv, v

STATEMENT OF FACTS AND CASE.................................................. 1

STANDARD OF REVIEW FOR.......................................................... 2

ISSUE ONE.................................................................................... 4

       WHETHER THE FEDERAL DISTRICT COURT ERRED WHEN
       DENYING PETITIONER HABEAS CORPUS RELIEF BY
       FINDING THAT THE STATE COURT'S RULING WAS NOT
       CONTRARY TO, OR AN UNREASONABLE APPLICATION OF
       FEDERAL LAW VIOLATING PETITIONER'S RIGHT TO DUE
       PROCESS OF LAW AS GUARANTEED BY THE SIXTH
       AMENDMENT OF THE UNITED STATES CONSTITUTION.................. 4

ISSUE TWO.................................................................................... 8

       WHETHER THE DISTRICT COURT ERRED WHEN ACCEPTING
       THE STATE COURT'S REASONS FOR DENIAL OF
       PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL
       CLAIM WHERE TRIAL COUNSEL FAILED TO FILE A MOTION
       FOR THE TRIAL JUDGE TO RECUSE HIMSELF PURSUANT TO
       JUDICIAL CANON 3(E)(1)(a) AND STATE CASE LAW THUS,
       VIOLATING PETITIONER'S SIXTH AND FOURTEENTH
       AMENDMENT'S OF THE UNITED STATES CONSTITUTION. ............. 8

Appeal Case No.: 12-14828-E

ISSUE THREE ........................................................................... 13

    WHETHER THE DISTRICT COURT ERRED BY ACCEPTING
    THE STATE COURT'S REASONS FOR DENIAL OF
    PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL
    CLAIM WHERE COUNSEL BASED HIS OBJECTION ON THE
    WRONG ARGUMENT AND WHERE THE STATE COURT'S
    REASONS WHERE MISLEADING AND INCORRECT, THUS,
    VIOLATING PETITIONER'S SIXTH AND FOURTEENTH
    AMENDMENTS GUARANTEED BY THE UNITED STATES
    CONSTITUTION. .......................................................................... 13

ISSUE FOUR ........................................................................... 19

    WHETHER THE DISTRICT COURT ERRED WHEN FINDING
    THAT THE STATE COURT'S RULING WAS NOT AN
    UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED
    FEDERAL LAW WHERE TRIAL COUNSEL RENDERED
    INEFFECTIVE ASSISTANCE BY TOTALLY FAILING TO
    CROSS-EXAMINE THE STATE'S FIREARMS EXPERT THUS
    VIOLATING PETITIONER'S FIFTH, SIXTH, AND
    FOURTEENTH AMENDMENTS OF THE UNITED STATES
    CONSTITUTION. .......................................................................... 19

CONCLUSION ........................................................................... 22

CERTIFICATE OF COMPLIANCE ...................................................... 24

UNNOTARIZED OATH ................................................................... 23

CERTIFICATE OF SERVICE............................................................ 23

Appeal Case No.: 12-14828-E

# **TABLE OF CASE(S) AND CITATIONS OF AUTHORITY**

Cases

*Ashmore v. State*, 214 So.2d 67 (Fla. 1968) ........................................................ 11

*Barber v. Mackenzie*, 562 So.2d 755, 758 (Fla. 3rd DCA 1990) ............................. 8

*Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) ......... 13

*Burch v State,* 946 So.2d 1069 (Fla. 2006) ........................................................ 2

*Burch v State,* 999 So.2d 649 (Fla. 2nd DCA 2009) ............................................ 2

*Burch v. State,* 940 So.2d 4310 (Fla. 2nd DCA 2006) ......................................... 1

*Briscoe v. LaHue*, 460 U.S. 325, 333-34, 103 S.Ct. 1108, 752 L.Ed.2d 96 (1983) 20

*Byrd v. Trombley*, 580 F.Supp.2d 542, 558 (E.D. Mich. 2008) ............................. 21

*Curtis v. State*, 757 So.2d 513 (Fla. 2nd DCA 1998) 16

*Davis v. Alaska*, 415 U.S.. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) ................. 21

*Douglas v. Alabama*, 380 U.S. 15, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934 (1965) ........................................................................................................ 21

*Edwards v. Arizona,* 451, U.S. 477, 101 S.Ct, 1880, 68 L.Ed. 2d 378 (1981) ......... 4

*Gersten v. Senkowski*, 299 F.Supp.2d 84, 105 (E.D. N.Y. 2004) affd. 426 F.3d at 611-14 (2nd Cir. 2005) ...................................................................................... 21

*Hicks v. Oklahoma,* 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d (1980) ................. 16

*Imbler v. Pacthman*, 424 U.S. 409, 440, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) ..... 20

*Kentucky v. Stiner*, 482 U.S. 730, 737, 107 S.Ct. 2685, 96 L.Ed. 2d. 631 (1981).. 19

*Kelly v. California*, 129 S.Ct. 564 (2008) ............................................................ 17

*Liljeberg v. Health Services Acquisition Corp.*, 489 U.S. 847, 860-61, 108 S.Ct. 2194, 2203, 100 L.Ed.2d 855 (1988) ................................................................... 9

*Magwood v. Culliver*, 555 F.3d 968, 978 (11th Cir. 2009) .................................. 10

*Miller-El v. Cockrell*, 123 S.Ct. 1029 (U.S. 2003) ........................................ 13, 14

*Miller-El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 1038 (2003) ........................ 3

Appeal Case No.: 12-14828-E

*Miranda v. Arizona* 384 U.S. 436, 86 S.Ct. 1602 (1966)...........................................4

*Missouri v. Seibert,* 542 U.S. 600, 124 S.Ct. 2601, 159 L. Ed. 2d 643 (2004)..........7

*Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1954)...................9

*Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965)..................21

*Shaver v. McKep,* 622 F.Supp.2d 864 (E.D. Mich. 2008) .......................................22

*Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595 (2000)........................................14

*Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.CT 1595, 1604(2000) .......................2

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 24 674 (1984) 21

*Taylor v. Maddox,* (C.A.(Cal) 2004)........................................................................5

*Taylor v. Maddox, supra . id.* at 8; *Lockyer v. Andrade,* 538 U.S. 63, 75, 123 S. Ct. 1166, 155 L.Ed.2d 144 (2003) .............................................................................6

*Tower Group v. Doral Enterprise Joint Ventures,* 760 So.2d 256,257 (Fla. 3rd DCA 2000)..................................................................................................................8

*United States v. Cronic,* 466 U.S. 648, 656 104 S.Ct. 2039, 80 L.Ed. 2d. 657 (1984)................................................................................................................19

*U.S. v. Jordan,* 49 F.3d 152 (C.A. 5 (Tex.) 1995).....................................................9

*Vitek v. Jones,* 445 U.S. 480, 488-89, 100 S.Ct. 1245, 1261, 63 L.Ed.2d 552 .......16

*Washington v. Hafbauer,* 228 F.3d 689, 698 (6th Cir. 2000)..................................22

*Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 476n (2003)..........20

*Wolff v. McDonnelly,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed. 935) ......................16

Statutes

2254(d)(2)...................................................................................................................5

28 U.S.C. § 2254 ........................................................................................................2

28 U.S.C. § 455(a)......................................................................................................9

28 U.S.C. 1746 ..........................................................................................................23

28 U.S.C. 2253(c)....................................................................................................1, 2

Appeal Case No.: 12-14828-E

## Rules

Rule 32(a)(5) ................................................................................... 24

Rule 32(a)(6) ................................................................................... 24

Rule 32(a)(7)(B) .............................................................................. 24

Rule 32(a)(7)(B)(iii) ........................................................................ 24

## IN THE DISTRICT COURT OF APPEAL
## 11TH CIRCUIT COURT FEDERAL COURT

**RANDALL BURCH,**
Appellant/Petitioner,

**VS.**                                            **APPEAL CASE NO.: 12-14828-E**

**KENNETH TUCKER, SECRETARY**
**FLA. DEPT. OF CORRECTIONS**
Appellee/Respondent,

_____/

### APPLICATION FOR CERTIFICATE OF APPEALABILITY

**Comes Now,** the Appellant / Petitioner, Randall Burch, *Pro-Se*, pursuant to

Title 28 U.S.C. 2253(c), respectfully requesting this Honorable Court to grant a

Certificate of Appealability (C.O.A.) for Writ of Habeas Corpus proceeding and

offers the following in support therefore:

### STATEMENT OF FACTS AND CASE

After a Jury Trial, Appellant / Petitioner (hereafter Mr. Burch) was

convicted on August 29, 2005, of First Degree Murder of Roland Shane Patrick.

He was sentenced to life in prison. The Appellate Court affirmed Mr. Burch's

conviction and sentence on September 15, 2006. *Burch v. State,* 940 So.2d 4310

(Fla. 2nd DCA 2006)(table). Mr. Burch's petition to the Florida Supreme Court for

Review of the Appellate Court's decision was dismissed for want of Jurisdiction.

Appeal Case No.: 12-14828-E

*Burch v State,* 946 So.2d 1069 (Fla. 2006)(table). Mr. Burch filed a Motion for

Post-Conviction Relief pursuant to Rule 3.850, Fla.R.Crim.P. On September 6,

2007, raising five claims of ineffective assistance of Trial Counsel. On March 11,

2008, the Post-Conviction Court denied Ground One and Two of the 3.850 Motion,

and Ordered the State to Respond to the three remaining grounds on May 27, 2008.

On January 29, 2009, the Appellate Court affirmed the denial of the 3.850 Motion

*Burch v State,* 999 So.2d 649 (Fla. 2nd DCA 2009)(table).

Mr. Burch filed his petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

§ 2254 with the District Court for the Middle District, Tampa Division on April 16,

2009. That Court denied Relief on August 23rd, 2012 and also denied Mr. Burch a

Certificate of Appealability and permission to file *in forma pauperis* on the same

date, August 23rd, 2012.

## STANDARD OF REVIEW FOR
## CERTIFICATE OF APPEALABILITY

To obtain a Certificate of Appealability (C.O.A.), the movant must comply

with the Statutory requirement of Title 28 U.S.C. 2253(c), which requires the

Appellant to make a substantial showing of the denial of a Constitution Right.

*Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.CT 1595, 1604(2000). In *Slack,* the

United States Supreme Court specifically stated:

> "Where a District Court also rejected the Constitutional claims on the
> merits, showing required to satisfy 2253(c) is straightforward: the
> Petitioner must demonstrate that reasonable jurist would find the

2

District Court's assessment of the Constitutional claims debatable or wrong…when the District Court denies a Habeas Corpus petition on procedural grounds without reaching the petitioner's underlying Constitutional claim, a C.O.A. should issue when the prisoner shows, at least, that jurist of reason would find it debatable whether the petition states a valid claim of the denial of a Constitutional Right and that jurist of reason would find it debatable whether the District Court was correct in it's Procedural Ruling _SLACK_, 529, U.S. at 484."

In expounding on the opinion in _Slack_ the United States Supreme Court held in _Miller-El v. Cockrell_, 537 U.S. 322, 123 S.Ct. 1029, 1038 (2003), that to obtain a C.O.A., a Habeas Petitioner must show that reasonable jurist could debate whether the Petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. _Id._ The _Miller-El_ court stated the C.O.A. determination requires a threshold overview of claims and General assessment of the merits and this threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims _Id._

This application for certificate of appealability follows:

3

Appeal Case No.: 12-14828-E

## ISSUE ONE

**WHETHER THE FEDERAL DISTRICT COURT ERRED WHEN DENYING PETITIONER HABEAS CORPUS RELIEF BY FINDING THAT THE STATE COURT'S RULING WAS NOT CONTRARY TO, OR AN UNREASONABLE APPLICATION OF FEDERAL LAW VIOLATING PETITIONER'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

## ARGUMENT

The District Court denied Mr. Busch's *Pro*-Se petition for Writ of Habeas Corpus by agreeing with the State Court's reason for denying relief in State Court proceedings.

At all stages of the State Court proceedings, Mr. Burch, challenged the admissibility of his statement to Police Detectives was coerced and obtained in violation of *Miranda v. Arizona* 384 U.S. 436, 86 S.Ct. 1602 (1966) and *Edwards v. Arizona,* 451, U.S. 477, 101 S.Ct, 1880, 68 L.Ed. 2d 378 (1981), where Police Detectives denigrated the *Miranda* Rights claiming this Constitutional Rights a "mere formality. "Mr. Burch further inquired about obtaining a plea deal and the Detectives stated that the only person who could do that was the Prosecutor on his behalf, but, Mr. Burch "had to give a statement first." This was both trickery and coercion on the part of the Detectives.

Mr. Burch has also presented his claim for Federal Review in State Court by citing in conjunction the Federal Law on which he relies upon. See, *Taylor v.*

4

*Maddox,* (C.A.(Cal) 2004) Id. At 7. Mr. Burch also preserved his claim by raising it in his *pro se* Federal Habeas Corpus petition before the District Court.

Mr. Burch respectfully submits that it is the failure of the District Court to conduct a proper *de novo* review of his *Miranda* claim that warrants relief. Mr. Burch has continuously argued that the State Court's and now the District Court's resolution revolved around the Factual questions of what happened during the interrogation. The District Court states the following at page 11 of its denial order:

> "THE STATE COURT CORRECTLY FOUND THAT THE OFFICERS DID NOT MAKE "ANY EXPLICIT SUGGESTION OF LENIENCY, NOR ANY EXPRESS *QUID PRO QUO* BARGAIN FOR THE CONFESSION." (Respondent's ex. 1, vol. 1 at 14)."

Mr. Burch, requests this Court to notice just two lines above this where detective Brewes states:

> "But like I said I got a, have an idea (inaudible)."

Mr. Burch asserts that it is impossible for anyone to find a clear and convincing statement or meaning from something that is "inaudible."

Mr. Burch understands that the principles of Comity and Federalism counsels against substituting this Court's Judgement for that of the State Court's, a defense that is embodied in the requirements of the Federal Habeas Corpus Statues, as amended by the Antiterrorism and effective Death Penalty Act (AEDPA) of 1996. When it comes to State Court factual findings, AEDPA has two separate provisions. First, section 2254(d)(2) authorizes Federal Courts to grant Habeas

Habeas Relief in cases where the State Courts decision was based on an unreasonable determination of the facts in light of the evidence presented in the State Courts proceedings. Put another way, A Federal Court may not second-guess a State Court's fact-finding process unless, after review of the State Court record, it determines that the State Court was not merely wrong but actually unreasonable. See: *Taylor v. Maddox, supra . id.* at 8; *Lockyer v. Andrade,* 538 U.S. 63, 75, 123 S. Ct. 1166, 155 L.Ed.2d 144 (2003).

Mr. Burch contends the District Court relied solely on the record presented by the State Court's. Had the District Court reviewed the video tape of the alleged confession and placed the: significance" it should have on Mr. Burch's allegation of the restrictions placed upon him by the Detectives such as:

1. The locked doors;

2. Pat down and all possessions taken

3. At both breaks one cigarette given instead of whole pack;

4. Once lighter was used it was again taken by the Detective;

5. Breaks were held in an area away from his parents and girlfriend with no communication allowed with them. These types of events would leave the ordinary person to believe he or she were in custody and could not just get up and leave of their own free will.

6

Therefore, this issue is debatable between reasonable jurist. The United States Supreme Court state in *Missouri v. Seibert*, 542 U.S. 600, 124 S.Ct. 2601, 159 L. Ed. 2d 643 (2004):

> "FREEDOM FROM COMPULSION LIES AT THE HEART OF THE FIFTH AMENDMENT, AND REQUIRES US TO ASSESS WHETHER A SUSPECT'S DECISION TO SPEAK TRULY WAS VOLUNTARILY. BECAUSE VOLUNTARINESS IS A MATTER OF THE SUSPECT'S STATE OF MIND, WE FOCUS OUR ANALYSIS ON THE WAY IN WHICH SUSPECTS EXPERIENCE INTERROGATION. *SEE* GENERALLY, MIRANDA , 384 U.S. AT 445, 86 S. CT. 1602 (SUMMARIZING PSYCHOLOGICAL TACTICS USED BY POLICE THAT "UNDERMINE[E]" THE SUSPECT'S WILL TO RESIST ," AND NOTING THAT THE VERY FACT OF CUSTODIAL INTERROGATION...TRADES ON THE VERY WEAKNESS OF INDIVIDUALS') ID AT 467, 86 S.Ct. 1602("[I]N –CUSTODY INTERROGATION OF PERSONS SUSPECTED OR ACCUSED OF CRIME CONTAINS INHERENTLY COMPELLING PRESSURES WHICH WORK TO UNDERMINE THE INDIVIDUALS WILL TO RESIST AND TO COMPEL HIM TO SPEAK WHERE HE WOULD NOT OTHERWISE DO SO FREELY') ID AT 12.

Mr. Burch contends that this issue clearly shows a Constitutional violation of the Sixth Amendment guaranteed in the United States Constitution and is debatable between reasonable jurist. To deny Mr. Burch the opportunity to Appeal the District Court's order of denial will create a Manifest Injustice.

Appeal Case No.: 12-14828-E

## ISSUE TWO

**WHETHER THE DISTRICT COURT ERRED WHEN ACCEPTING THE STATE COURT'S REASONS FOR DENIAL OF PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM WHERE TRIAL COUNSEL FAILED TO FILE A MOTION FOR THE TRIAL JUDGE TO RECUSE HIMSELF PURSUANT TO JUDICIAL CANON 3(E)(1)(a) AND STATE CASE LAW THUS, VIOLATING PETITIONER'S SIXTH AND FOURTEENTH AMENDMENT'S OF THE UNITED STATES CONSTITUTION.**

## ARGUMENT

Mr. Burch has argued throughout the entire history of this case that trial counsel rendered ineffective assistance where he failed to file a motion (pre-trial) to have the trial judge recuse himself, pursuant to Judicial Canon 3(E)(1)(a); and *Tower Group v. Doral Enterprise Joint Ventures*, 760 So.2d 256,257 (Fla. 3rd DCA 2000) (stating that "trial judge should have been disqualified from cases involving attorney opponent in the judge's reelection campaign."). Mr. Burch also clearly explained, by pointing to the controlling case law, of the time restriction on the post-election where judge and opponent attorney ran for the judge position. See, *Barber v. Mackenzie*, 562 So.2d 755, 758 (Fla. 3rd DCA 1990), stating that, post-election disqualification should normally be for a period of two years, until considering all the circumstances, the judge's impartially cannot be reasonably questioned."

8

Appeal Case No.: 12-14828-E

Mr. Burch's claim here is that the District Court's reliance on the State Court's reasons for denial of this issue is debatable among reasonable jurist.

Mr. Burch respectfully requests this Court to notice that the Florida Appellate Court refused to give an opinion by entering a per curium affirm response. Thus, the decision relied on by the District Court is from the "same judge whom this complaint originated against." The trial judge rendered the denial on postconviction relief. Had the District Court reviewed this issue de novo as it should have and reviewed the proper Federal and United States Supreme Court precedents, and followed these proceedings, their decision would have been different. The Texas Court in *U.S. v. Jordan*, 49 F.3d 152 (C.A. 5 (Tex.) 1995), which cited United States Supreme Court precedent and also citing 28 U.S.C. § 455(a) is as follows:

> "The right to a fair and impartial trial is fundamental to the litigant. Fundamental to the judiciary is the public confidence in the impartiality of our judges the proceedings over which they preside. Justice must satisfy the appearance of justice." In re *Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1954); U.S.C. § 455(a) provides that a judge shall recuse herself from any proceeding in which her impartiality might reasonably be questioned. The goal of section 455(a) is to avoid the appearance of impropriety is as important in developing public confidence in our judicial system as avoiding impropriety itself. See, *Liljeberg v. Health Services Acquisition Corp.*, 489 U.S. 847, 860-61, 108 S.Ct. 2194, 2203, 100 L.Ed.2d 855 (1988)."

The trial court alleged and the District Court incorrectly agrees that even though the judge was appointed to the case <u>before</u> the two year period, the trial was

9

Appeal Case No.: 12-14828-E

held after the two year period rendering Mr. Burch's argument moot. This issue alone is debatable among reasonable jurist. The trial judge presides and rules on laws and fact presented in all "pre-trial" matter. To avoid conflict, as in this case, and to satisfy the appearance of justice in the eyes of the public, the trial judge should have simply recused himself.

The District Court was misled by the Respondent where it cited *Magwood v. Culliver*, 555 F.3d 968, 978 (11th Cir. 2009) which states:

> "We are not prepared to require counsel to raise an argument that has already been decided adversely to his client's position by a State's highest court in order to avoid being found ineffective."

The Florida Appellate Court is deemed the highest Court in Florida as the Florida Supreme Court "will not" visit a case that has been per curium affirmed. In Mr. Burch's case, his appeals, both direct and postconviction, were per curium affirmed and therefore this case has not been adversely decided by the State's highest court. The only opinion rendered in Mr. Burch's case was done so by the trial judge when denying relief on postconviction. The same judge who should have, by Florida law, recused himself.

Mr. Burch has clearly shown the violation of the Sixth Amendment of the United States Constitution. Trial counsels' failure to file a Motion for Recusal when being aware of the aforementioned issue clearly meets the first pong (performance) of *Strickland*, as set forth by the United States Supreme Court.

10

Mr. Burch also claims that the trial judge showed bias by denying "every" pre-trial motion; denying the mid-trial motion for mistrial; overruling every objection made by the defense counsel; and denying postconviction relief sought by Petitioner.

The event concerning the denial of the mid-trial motion for mistrial clearly reveals the trial judge's biases. After trial counsel objected and wrongly based that objection on relevance due to a photograph of the victim being introduced to the jury by the victim's mother, which was overruled, trial counsel filed a mid-trial motion the next day requesting a mistrial. This motion contained the State of Florida's leading case, *Ashmore v. State*, 214 So.2d 67 (Fla. 1968) which states:

> "Use of the descendant's family only serves to prejudice the jury against the defendant by injecting issues into the trial which do not fall within the scope of the charges on which the defendant is being tried." *Id.*

The State argued that trial counsel failed to object to the fact that the mother of the victim was the person the State used to introduce the photograph. Trial counsel stated on the record;

> "Judge, if I failed to make the proper objection, then I take full responsibility for that fact. But that does not relieve the Court of the responsibility of ensuring that Mr. Burch gets a fair trial in this matter."

The trial judge then states on the record that had the proper objection (or rather the proper argument for the objection) been made, he (the judge) may have

asked the State if someone other than the mother could have introduced the photograph. He also stated that because that did not come up "yesterday" he didn't think it was really preserved by counsel.

This event occurred mid-trial. Because the court entertained the motion for mistrial on the record, this issue was properly preserved for the District Court to agree with the state court in this matter is not merely debatable but clearly wrong.

Furthermore, when this issue was brought up on Mr. Burch's post-conviction motion 3.850 as ineffective assistance of counsel for counsel's failure to base his objection on the proper argument (see issue 3), the same judge ruled that counsel was not ineffective.

Mr. Burch asserts that had trial counsel filed the motion for recusal of the trial judge with the Chief Judge and said motion was granted (as it should have been), a different judge would have presided over the entire proceeding and the motion for a mistrial would have been granted, thus a difference in the outcome at the proceeding meets the second prong (prejudice) of the *Strickland* standard. The District Court's denial is in error. This issue is debatable among reasonable jurists.

## ISSUE THREE

**WHETHER THE DISTRICT COURT ERRED BY ACCEPTING THE STATE COURT'S REASONS FOR DENIAL OF PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM WHERE COUNSEL BASED HIS OBJECTION ON THE WRONG ARGUMENT AND WHERE THE STATE COURT'S REASONS WHERE MISLEADING AND INCORRECT, THUS, VIOLATING PETITIONER'S SIXTH AND FOURTEENTH AMENDMENTS GUARANTEED BY THE UNITED STATES CONSTITUTION.**

## ARGUMENT

Under the controlling standard, Mr. Burch must show that reasonable jurist could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. See, *Miller-El v. Cockrell*, 123 S.Ct. 1029 (U.S. 2003); *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

Mr. Burch contends the COA determination under 2254(c) requires an overview of the claims in a habeas petition and a general assessment of their merits. As the United States Supreme Court stated in *Miller-El*, supra;

> "We look to the District Court's application of AEDPA to Petitioner's constitutional claims and ask whether that resolution was debatable among jurist of reason. This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it. When a Court of Appeals sidesteps this process by first deciding the merits of appeal, and then justifying its denial of a COA based [527 U.S. 337] on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction.." Id at

13

Mr. Burch further contends that while applying for a COA he does not have to convince a Judge or Judges that he will prevail on appeal. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. When a COA is sought, the whole premise is that that the Petitioner has already failed in that endeavor. See, *Miller-El v. Cockrell*, 123 S.Ct. 1029 (U.S. 2003) *Barefoot*, supra, at 891, R.4, 103 S.Ct. 3383; *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595 (2000).

The issue here is two fold, first, the District Court's reliance on the State "trial court's" reasons for denial of Mr. Burch's ineffective assistance of counsel claim is debatable and wrong as shown by the record, hence the trial court's finding for denying his motion for mistrial; second, a decision cannot be held to be harmless where the State has enacted a law that is backed by the Florida and Unites States Constitutions when that law is violated by the Court or the State. The District Court's denial is incorrect. This issue is without a doubt debatable among reasonable jurist.

Mr. Burch respectfully requests this Court to notice the denial of this issue is based on the decision and reasons provided by the "State Trial Court." Also, please note that the same judge that heard the case at trial was the same judge whom Mr. Burch argued should have recused himself. This same judge denied relief, via

postconviction 3.850, and issued the opinion the District Court relies upon in its denial order.

Mr. Burch's original argument was trial counsel rendered ineffective assistance of counsel when he correctly objected to but argued the objection using the wrong grounds for the objection. The objection was made due to a photograph of the victim being introduced to the jury by a family member's (victim's mother) testimony. Counsel's original argument was relevance, rather than the photograph rendering the trial fundamentally unfair by unduly influencing the jury. Trial counsel, the Court, and the State recognized immediately that the objection made during the trial was not the proper objection. (Tr. 93, L. 11-14); and the Court overruled that objection (Tr. 93, L. 25; Tr. 94, L. 1-5). The next day, trial counsel filed a motion for mistrial. The Court denied the motion stating " trial counsel failed to make the proper objection, therefore counsel had not preserved the issue." This ruling in itself shows the first prong of the *Strickland* standard has not been met. The second part of this issue meets the second prong of *Strickland*, where the second part of this issue concerns the violation of a State law passed by the Florida Legislature. For a State to enact a law then ignore that law only when its violated by the Court's or the State, violates the due process clause of the United States Supreme Constitution, thereby creating a miscarriage of justice.

15

The State of Florida enacted a law that makes it impossible for a family to introduce a photograph of the victim to the jury. To do so, the State of Florida holds that it deprives the defendant of a fair trial. See, *Curtis v. State*, 757 So.2d 513 (Fla. 2nd DCA 1998). The Florida Supreme Court holds that the issue of the photograph only serves to prejudice a jury against the defendant, interjecting issues into the trial which do not fall within the scope of the charges on which the defendant as being tried when introducing a descendant's photo through a family member. See, *Ashmore v. State*, 214 So.2d 67 (Fla.).

Where the State of Florida has implemented a law, Mr. Burch has a substantial and legitimate expectation that the law will be applied not only when appropriate for the Court or State but for himself as well. "Once a law is enacted, an accused has the constitutional right to expect that law to be applied to him or her where the Fourteenth Amendment preserves against arbitrary deprivation of that law. See, *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d (1980); *Vitek v. Jones*, 445 U.S. 480, 488-89, 100 S.Ct. 1245, 1261, 63 L.Ed.2d 552; (citing *Wolff v. McDonnelly*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed. 935), for any Court to rule otherwise will deprive Mr. Burch of his constitutional right to due process of the law guaranteed to him by the Fourteenth Amendment. See, *Hicks v. Oklahoma*, supra.

Florida law provides that it is "impermissible" for a photograph of the victim to be introduced to the jury by a member of the victim's family. The law does not state the law will be effective only when in favor of the Court or State. Also, the harmless error analysis cannot apply here. It is virtually impossible for a family member to testify about the death of a loved one without exhibiting sympathetic emotions, especially a mother. The trial judge stated in his opinion for denial of the motion that he did not notice the mother becoming emotional during her testimony. However, the record indicates the trial was interrupted in order for the mother to be given tissue to wipe her eyes, which were filled with tears. This is the exact reason the law was implemented. The emotions that usually accompany a family member's testimony, along with a photograph of the victim, placed undue prejudice upon Mr. Burch, ultimately rendering the trial unfair. Furthermore, the photograph offered no evidence of the events of the crime, or did it shed light on the character of Mr. Burch.

In the event that evidence is introduced at trial that it renders the trial fundamentally unfair, the due process clause of the Fourteenth Amendment provides a mechanism for relief. See, *Kelly v. California*, 129 S.Ct. 564 (2008). That Court went on to state:

> "That statement represents the beginning and the end of the guidance we have given to the Lower Court's considering the admissibility of victim impact evidence in the first instance."

17

The State Court asserts Mr. Burch never claimed there was anyone else the State could have called to introduce the photograph. This is simply an attempt to sidestep the issue. There is no State or Federal law that requires Petitioner to specify a different witness for whom could have given testimony regarding the victim's photo. Even if there was no one else to introduce the photograph (which there was), this does not justify the violation or render it harmless. The proper procedure would have been simply to have the mother testify, absent the photograph.

Mr. Burch asserts that had trial counsel utilized this argument for his objection the Court would have had no choice but to grant the mistrial and thus, a reasonable probability exists the outcome of the proceedings would have been different.

Mr. Burch assures this Court that the District Court's denial of this issue is wrong and that the issue is debatable among reasonable jurist.

Appeal Case No.: 12-14828-E

## ISSUE FOUR

**WHETHER THE DISTRICT COURT ERRED WHEN FINDING THAT THE STATE COURT'S RULING WAS NOT AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW WHERE TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY TOTALLY FAILING TO CROSS-EXAMINE THE STATE'S FIREARMS EXPERT THUS VIOLATING PETITIONER'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.**

## ARGUMENT

Mr. Burch raises the issue of ineffective assistance of counsel where counsel utterly failed to cross-examine the state's firearms expert. The state court "summarily denied relief" on the basis of "reasonable trial strategy without an evidentiary hearing". The state court's ruling is unreasonable and the reliance on this finding by; the district court has created a miscarriage of justice. This issue is clearly debatable among reasonable jurist.

The right to effective assistance of counsel is the right of Mr. Burch to require the prosecution's case to survive the <u>crucible</u> of the meaningful adversarial testing. See, *United States v. Cronic*, 466 U.S. 648, 656 104 S.Ct. 2039, 80 L.Ed. 2d. 657 (1984); *Kentucky v. Stiner*, 482 U.S. 730, 737, 107 S.Ct. 2685, 96 L.Ed. 2d. 631 (1981) ("the right to cross-examine, protected by the Confrontational Clause, thus is essentially a 'functional' right designed to promote reliability in the truth-finding function of a criminal trial"). Long standing Supreme Court precedent

19

makes it clear, the importance of cross-examination to the adversarial process in a criminal trial cannot be overstated. As the Supreme Court stated, "The truth finding process is better served if the witness' testimony is submitted to the crucible of the judicial process so that the fact-finder may consider it, after cross-examination, together with other evidence to determine where the truth lies". See, *Briscoe v. LaHue*, 460 U.S. 325, 333-34, 103 S.Ct. 1108, 752 L.Ed.2d 96 (1983) (quoting *Imbler v. Pacthman*, 424 U.S. 409, 440, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (White, J., concurring in the judgement).

Mr. Burch contends that the reliance on the State Court's summary denial without an evidentiary hearing by the District Court is misplaced. Without holding an evidentiary hearing to determine whether or not trial counsel investigated, by consulting a firearms expert, before deciding on a trial strategy is unreasonable. The United States Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 476n (2003) stated;

> "Where Counsel fails to make a reasonable investigation that is reasonably necessary to the defense, a Court will usually conclude that the decision not to call an expert cannot have been based on the strategic considerations and will thus be subject to review under *Strickland's* prejudice prong." Id at 2538.

Also, a number of habeas courts have determined that no reasonable strategy supported trial counsel's decision to not consult or present an expert witness for the purpose of challenging the opinions offered by the prosecution expert. See *Gersten*

*v. Senkowski*, 299 F.Supp.2d 84, 105 (E.D. N.Y. 2004) affd. 426 F.3d at 611-14 (2nd Cir. 2005); *Byrd v. Trombley*, 580 F.Supp.2d 542, 558 (E.D. Mich. 2008). Further, without an evidentiary hearing where trial counsel might have explained his decision to not cross-examine, the trial court could only speculate, thus, the District Court relies on speculation.

The Sixth Amendment to the constitution guarantees the right of an accused in a criminal prosecution to be confronted with the witness against him. This right is secure for defendants in the state Courts as well as Federal criminal proceedings under *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). Confrontation means more than being allowed to confront the witness physically. As stated in *Davis v. Alaska*, 415 U.S.. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974);

> "Our cases construing the (confrontation) clause hold that a primary interest secured by it is the right to cross examination."

See *Douglas v. Alabama*, 380 U.S. 15, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934 (1965).

The trial court's conclusion that defense counsel provided meaningful representation was an unreasonable application of the Supreme Court's precedent as articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 24 674 (1984).

Furthermore, by the District Court accepting the trial court's unreasonable finding, the District Court continues to condone a miscarriage of justice.

21

Mr. Burch contends the State Court has failed to understand the concept of strategy and has unreasonably applied that concept. The label "strategy" is not a blanket justification for conduct which otherwise amounts to ineffective assistance of counsel. See, *Shaver v. McKep*, 622 F.Supp.2d 864 (E.D. Mich. 2008); *Washington v. Hafbauer*, 228 F.3d 689, 698 (6th Cir. 2000).

Mr. Burch was denied his constitutional rights, the Fifth, Sixth, and Fourteenth Amendments guaranteed by the United States Constitution by trial counsel's failure to cross examine the State's firearm's expert. The District Court's denial of habeas relief "based" upon the State Court's reasoning is wrong and clearly debatable among reasonable jurist.

## CONCLUSION

Due to the foregoing facts, arguments, and citations of authority, Mr. Burch is entitled to the issuance of the certificate of appealability on each ground as stated herein. On grounds One through Four, the District Court's ruling on the issues is debatable among reasonable jurist. Mr. Burch has demonstrated a constitutional violation of his Fifth, Sixth, and Fourteenth Amendment as guaranteed by the United States Constitution.

This Petition for Application for Certificate of Appealability adequately sets forth facts that encourage further proceedings in respect to the standard set forth in

Appeal Case No.: 12-14828-E

*Miller-El, supra,* by the United States Supreme Court. Therefore, a Certificate of Appealability should issue.

Respectfully Submitted,

Randall Burch, DC#169121
Hamilton Correctional Institution
10650 S.W. 46th Street
Jasper, Florida 32052

## UNNOTARIZED OATH

**I HEREBY CERTIFY,** pursuant to Title 28 U.S.C. 1746, that the foregoing is true and correct to the best of my knowledge under penalty of perjury.

10-26-12
Date

Randall Burch

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing has been furnished by U.S. Mail to Office of the Attorney General, attn: Patricia A. McCarthy, A.A.G., Concourse Center #4, 3507 Frontage Rd., Suite 200, Tampa, Fl. 33607-7013, on this 26th day of October, 2012.

Randall Burch, *in pro se.*

23

Appeal Case No.: 12-14828-E

## CERTIFICATE OF COMPLIANCE

1.  This motion complies with the type volume limitation of Fed.R.App.P., Rule 32(a)(7)(B) because this motion contains <u>6002</u> words, excluding the parts of the motion exempted by of Fed.R.App.P., Rule 32(a)(7)(B)(iii).

2.  This motion complies with the typeface requirement of Fed.R.App.P., Rule 32(a)(5) and the type style requirements of Fed.R.App.P., Rule 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point font.

Respectfully Submitted,

Randall Burch
Hamilton Corr. Inst. M/U
10650 S.W. 46th Street
Jasper, Florida 32052